IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERMO FINNIGAN LLC,<br><br>      Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>APPLERA CORPORATION, MDS, INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br><br>      Defendants and Counterclaim-Plaintiffs. | Civil Action No. 05-110-GMS<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND COUNTERCLAIM

Defendants, Applera Corporation, MDS, Inc., and Applied Biosystems/MDS Sciex Instruments (collectively, "AB/Sciex") hereby answer each of the numbered paragraphs of Thermo Finnigan LLC's ("Thermo") Complaint for Patent Infringement, filed February 23, 2005, as follows:

1.     AB/Sciex admit that this purports to be an action for patent infringement.

2.     AB/Sciex are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2, and therefore deny them.

3.     AB/Sciex admit that Applera Corporation is a Delaware corporation having a principal place of business at 301 Merritt 7, Norwalk, Connecticut 06851.

4.     AB/Sciex admit that MDS, Inc. is a Canadian Corporation having a principal place of business at 100 International Boulevard, Toronto, Ontario, Canada MNW6J6.

5. AB/Sciex admit that Applied Biosystems/MDS Sciex Instruments is a Canadian partnership formed under the laws of the Province of Ontario, Canada and having a place of business in Ontario, Canada.

6. AB/Sciex admit that the subject matter of this lawsuit is justiciable in a United States District Court, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. AB/Sciex admit that they are subject to personal jurisdiction in this judicial district.

8. AB/Sciex admit that venue is proper in this judicial district.

9. AB/Sciex admit that United States Patent No. 6,528,784 B1 ("the '784 patent") is entitled "Mass Spectrometer System Including a Double Ion Guide Interface and Method of Operation." AB/Sciex further admit that a copy of the '784 patent was attached as Exhibit A to the Complaint. AB/Sciex deny that the claims of the '784 patent are valid and enforceable. AB/Sciex are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 9, and therefore deny them.

10. AB/Sciex deny the averments of paragraph 10.

11. AB/Sciex deny the averments of paragraph 11.

## AFFIRMATIVE DEFENSES

Further answering Thermo's Complaint, and as affirmative defenses to the averments therein, AB/Sciex assert as follows:

12. The '784 patent is invalid and void because it fails to comply with the requirements of the patent laws of the United States, Title 35, U.S.C., including without limitation 35 U.S.C. §§ 102, 103, and 112.

13. AB/Sciex have not infringed, and are not infringing, literally or under the doctrine of equivalents, either by direct infringement, contributory infringement or inducement of infringement, any claim of the '784 patent.

14. Pursuant to 28 U.S.C. § 1498, this Court lacks jurisdiction to adjudicate Thermo's claim concerning any of AB/Sciex's products, including without limitation any API 5000 LC/MS/MS System, used or manufactured by or for the United States.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

15. This is a counterclaim by Applera Corporation, MDS, Inc., and Applied Biosystems/MDS Sciex Instruments (collectively, "AB/Sciex") against Thermo Finnigan LLC ("Thermo") for a declaratory judgment of invalidity and noninfringement of United States Patent No. 6,528,784 B1 ("the '784 patent"), entitled "Mass Spectrometer System Including a Double Ion Guide Interface and Method of Operation," which was issued on March 4, 2003 to Keqi Tang, Alan E. Schoen, and Jean-Jacques Dunyach.

16. Applera Corporation is a Delaware corporation having a principal place of business at 301 Merritt 7, Norwalk, Connecticut 06851.

17. MDS, Inc. is a Canadian Corporation having a principal place of business at 100 International Boulevard, Toronto, Ontario, Canada MNW6J6.

18. Applied Biosystems/MDS Sciex Instruments is a Canadian partnership formed under the laws of the Province of Ontario, Canada and having a place of business in Ontario, Canada.

19. Thermo alleges in its Complaint that Thermo is a limited liability company organized and existing under the law of the State of Delaware, with a principal place of business at 355 River Oaks Parkway, San Jose, CA 95134-1991.

20. Thermo alleges in its Complaint that Thermo owns all right and title to the '784 patent.

21. This counterclaim arises under the Patent Laws, Title 35, U.S.C. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq. An actual controversy between AB/Sciex and Thermo as to the validity and infringement of the '784 patent exists by virtue of the averments in Thermo's Complaint.

22. The claims of the '784 patent are invalid based upon one or more grounds set forth in Title 35, U.S.C., including without limitation 35 U.S.C. §§ 102, 103, and 112.

23. AB/Sciex have not infringed, and are not infringing, literally or under the doctrine of equivalents, either by direct infringement, contributory infringement or inducement of infringement, any claim of the '784 patent.

### PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaim-Plaintiffs Applera Corporation, MDS, Inc., and Applied Biosystems/MDS Sciex Instruments pray that the Court enter judgment:

A. Denying all relief sought by Thermo in its Complaint;

B. Dismissing the Complaint with prejudice;

C. Declaring that AB/Sciex have not infringed and are not infringing any claim of the '784 patent;

D. Declaring that the claims of the '784 patent are invalid;

E. Enjoining Thermo, its assigns and all those in privity therewith from asserting the '784 patent against AB/Sciex or any of their customers or suppliers;

F. Awarding AB/Sciex their costs;

G. Finding the case exceptional and awarding AB/Sciex their reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

H. Granting AB/Sciex such other and further relief as the Court may deem just and proper.

## JURY DEMAND

AB/Sciex demand a trial by jury of all issues triable of right by a jury.


DATED: April 13, 2005                YOUNG CONAWAY STARGATT & TAYLOR, LLP


                                     _____
                                     Josy W. Ingersoll (#1088)
                                     The Brandywine Building
                                     1000 West Street, 17th Floor
                                     P.O. Box 391
                                     Wilmington, DE 19899-0391
                                     (302) 571-6672
                                     jingersoll@ycst.com
                                     *Attorneys for Defendants Applera Corporation,*
                                     *MDS, Inc., and Applied Biosystems/MDS Sciex Instruments*

Of Counsel:

Walter E. Hanley, Jr.
James Galbraith
Lewis V. Popovski
Jeffrey S. Ginsberg
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire hereby certify that on April 13, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Frederick L. Cottrell, III, Esquire
> Steve Fineman, Esquire
> RICHARDS, LAYTON & FINGER
> One Rodney Square
> Wilmington, Delaware 19801

I further certify that on April 13, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

> Wayne L. Stoner, Esquire
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Defendant