AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     Delaware

THERMO FINNIGAN LLC

              Plaintiff and
              Counter-Defendant,
   v.

APPLERA CORPORATION, MDS, INC.
and APPLIED BIOSYSTEMS/MDS SCIEX
INSTRUMENTS,
              Defendants and
              Counter-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**

Case Number: 05-110-GMS

Action pending in United States District Court,
District of Delaware

TO:     Waters Technologies Corporation
          c/o The Corporation Trust Company
          Corporation Trust Center
          1209 Orange Street
          Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule A attached hereto.**

| PLACE<br>Young Conaway Stargatt & Taylor, The Brandywine Building, 1000 West Street, 17th Floor<br>Wilmington, DE 19801 | DATE AND TIME<br>July 11, 2005 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendants and Counter-Plaintiffs<br>Applera Corporation, MDS Inc.,<br>and Applied Biosystems/MDS Sciex Instruments | DATE<br>June 23, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adam W. Poff, Young Conaway Stargatt & Taylor, The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, DE 19801

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | TIME |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

DEFINITIONS

1. <u>Any/All/Each</u>. The term "any" shall be construed as "any, all and each."

2. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3. <u>Concern/Concerning</u>. The term "concern" or "concerning" shall mean relating to, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

4. <u>Document</u>. The term "document" shall have the same meaning as used in Fed. R. Civ. P. 34(a), and shall be construed in its broadest sense to include, without limitation, all writings and drawings of any kind whatsoever, together with every tangible thing produced by handwriting, typewriting, printing, photocopying, photo offsetting, photography, microfilming, or by any tape, cassette, film, videotape, or disc recording, and all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including but not limited to software, firmware, source code, electronic mail, and word-processing documents. Each and every draft, annotated version, or otherwise non-identical copy of a document is a separate document for purposes of these Requests.

5. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

6. <u>Solvent adduct ions</u>. The term "solvent adduct ions" shall mean ions formed from an association between sample ions of interest and neutral solvent molecules.

7.  <u>Thing</u>.  The term "thing" shall mean any tangible object that is not a document, and includes objects of every kind and nature such as, but not limited to, prototypes, devices, models, and specimens.

8.  <u>Waters</u>.  The term "Waters" shall mean Waters Technologies Corporation, and its present and prior affiliates, subsidiaries and divisions, including without limitation, Micromass UK Ltd. and Micromass Inc., and all predecessors, successors and assigns of the foregoing, and all officers, directors, employees, managing agents, consultants, attorneys, representatives, and others under control of any of the foregoing entities.

9.  <u>You/Yours</u>.  The term "you" or "yours" shall mean Waters Technologies Corporation.

## INSTRUCTIONS

A.  Where an objection is made to any document request or sub-part thereof, the objection shall state with specificity all grounds for the objection.

B.  No part of a document request may be left unanswered merely because an objection is interposed to another part of the document request.

C.  If in responding to any of these document requests you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction used in responding to the request.

D.  Where knowledge, information, or documents in your possession, custody, or control are requested or inquired of, such request or inquiry includes knowledge, information, or documents in the possession, custody, or control of each of your agents, servants, employees, representatives, and your attorneys.

E.  Where a claim of privilege or other immunity or protection from discovery is asserted in objecting to any document request or sub-part thereof, and a response is not provided

on the basis of such assertion, you shall, in the objection to the document request or sub-part thereof:

    1.    identify the nature of the privilege or immunity that is being claimed and if the assertion is made in connection with a claim or defense governed by state law, identify the state's privilege rule being invoked; and

    2.    provide the following information:

        a.    for documents: (i) the identities of the author(s), addressee(s), and recipient(s); (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the location of the document.

        b.    for oral communications: (i) the identity of the person making the communication and the identity of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of the communication; (iii) the general subject matter of the communication.

    F.    With respect to each document or thing otherwise responsive to any document request which has been lost or destroyed since its preparation or receipt: identify the document or thing, state the document request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed, including the date of destruction, the reason for the destruction, the identification of the person who destroyed the document, and the identification of any person who directed that the document be destroyed.

3

     G.    All documents are to be produced with their original file folders, file jackets, envelopes, or covers, or an accurate reproduction thereof.

     H.    These document requests are deemed to be continuing. With respect to any of the following document requests as to which you, after responding, discover or acquire additional responsive material, such additional material are to be produced for inspection and copying, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, no more than thirty (30) days after you discover or acquire such additional material.

## DOCUMENTS TO BE PRODUCED

     1.    Each version issued prior to November 16, 2000 of each manual for the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems provided to purchasers of those systems.

     2.    Each version issued prior to November 16, 2000 of each manual for the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems used for training sales or service personnel.

     3.    Documents, including drawings and schematics, sufficient to describe in detail the structure and operation of the components of the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems comprising the vacuum portions of those systems preceding the analyzer, as those systems were manufactured prior to November 16, 2000.

     4.    Documents sufficient to describe in detail the existence, manner of application, use and advantages of DC offset voltages applied to the RF hexapole transfer lenses in the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems, as those systems were manufactured prior to November16, 2000.

     5.    Documents sufficient to describe in detail the existence and formation of solvent adduct ions in the vacuum portions of the Micromass LCT and QUATTRO ULTIMA mass

spectrometer systems preceding the analyzer, as those systems were manufactured prior to November 16, 2000.

6. Documents sufficient to describe in detail the manner of dissociating solvent adduct ions in the vacuum portions of the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems preceding the analyzer, as those systems were manufactured prior to November 16, 2000.

7. All documents concerning the use of DC offset voltages applied to either or both of the RF hexapole transfer lenses in the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems to dissociate solvent adduct ions.

8. All documents concerning the disclosure or demonstration to any person or entity in the United States outside Waters' organization prior to November 16, 2000 of the manner of dissociating solvent adduct ions in the vacuum portions of the Micomass LCT and QUATTRO ULTIMA mass spectrometer systems preceding the analyzer.

9. All documents concerning the disclosure or demonstration to any person or entity in the United States outside Waters' organization prior to November 16, 2000 of the use of DC offset voltages applied to either or both of the RF hexapole transfer lenses in the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems to dissociate solvent adduct ions.

10. All documents concerning the adjustment or tuning of DC offset voltages applied to either or both of the RF hexapole transfer lenses in the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems to optimize sensitivity.

11. All documents concerning the first importation and first public use or demonstration in the United States of the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems.

12.    All documents concerning the first offer for sale and first sale in the United States of the Micromass LCT and QUATTRO ULTIMA mass spectrometer systems.