IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br><br>*Plaintiffs*,<br>v.<br><br>THERMO ELECTRON CORPORATION,<br><br>*Defendant*. | C.A. No. 04-1230-GMS |
| THERMO FINNIGAN LLC,<br><br>*Plaintiff*,<br>v.<br><br>APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br><br>*Defendants*. | C.A. No. 05-110-GMS |

AB/SCIEX'S BRIEF IN SUPPORT OF THEIR
MOTION FOR REARGUMENT OF
THE COURT'S DECISION TO STAY CIVIL ACTION NO. 04-1230-GMS

January 12, 2006

Of Counsel:

Walter E. Hanley, Jr.
James Galbraith
Lewis V. Popovski
Jeffrey S. Ginsberg
Mark A. Chapman
Huiya Wu
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

*Attorneys for Applera Corp., MDS, Inc., and Applied Biosystems/MDS Sciex Instruments*

## TABLE OF CONTENTS

                                                                         **Page**

NATURE AND STAGE OF THE PROCEEDINGS ........................................................................1

SUMMARY OF ARGUMENT ......................................................................................................2

ARGUMENT ..................................................................................................................................3

       I.       Reargument Is Warranted Because the Court's Decision to Stay the
              04-1230 Action Was Outside the Scope of the Issues Presented by
              AB/Sciex's Motion to Stay the 05-110 Action ..........................................3

       II.      The Factors that Govern Whether to Stay the 04-1230 Action
              Overwhelmingly Weigh Against a Stay ......................................................4

              A.     A Stay of the 04-1230 Action Will Unduly Prejudice
                    AB/Sciex By Delaying its Claim for Infringement of the
                    '736 Patent for No Reason ...............................................................5

              B.     A Stay Will Not Simplify Any Issues in the 04-1230 Action
                    Because the Outcome of the Reexamination of the '784
                    Patent Will Have No Bearing on the '736 Patent and the
                    04-1230 Action .................................................................................8

              C.     The 04-1230 Action Is Ready to Proceed Without Regard
                    to the Reexamination of the '784 Patent .......................................10

              D.     Thermo Will Not Suffer Any Hardship or Inequity If the
                    04-1230 Action Proceeds ...............................................................11

CONCLUSION .............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Agar Corp. Inc. v. Multi-Fluid, Inc.*,
983 F. Supp. 1126 (S.D. Tex. 1997) .................................................................. 6, 7, 8, 9, 10

*Argos v. Orthotec LLC*,
304 F. Supp. 2d 591 (D. Del. 2004) .................................................................. 5, 7, 9

*Bradgate Assocs. v. Fellows, Read & Assocs., Inc.*,
999 F.2d 745 (3d Cir. 1993) .................................................................. 7

*Brambles USA, Inc. v. Blocker*,
735 F. Supp. 1239 (D. Del. 1990) .................................................................. 3

*Cognex Corp. v. Nat'l Instruments Corp.*,
No. 00-442-JJF, 2001 WL 34368283 (D. Del. June 29, 2001) .................................................................. 9, 11

*Gioello Enters. Ltd. v. Mattel, Inc.*,
No. 99-375-GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) .................................................................. 8

*Gladish v. Tyco Toys, Inc.*,
No. S-92-1666, 1993 WL 625509 (E.D. Cal. Sept. 15, 1993) .................................................................. 7, 9

*Gold v. Johns-Mansville Sales Corp.*,
723 F.2d 1068 (3d Cir. 1983) .................................................................. 11

*Honeywell Int'l Inc. v. Audiovox Communications Corp.*,
Nos. 04-1337-KAJ, 04-1338-KAJ, 04-1536-KAJ,
2005 U.S. Dist. LEXIS 22933 (D. Del. May 18, 2005) .................................................................. 4

*Imax Corp. v. In-Three, Inc.*,
385 F. Supp. 2d 1030 (C.D. Cal. 2005) .................................................................. 9

*In re TMI Litig.*,
193 F.3d 613 (3d Cir. 1999) .................................................................. 8

*Jain v. Trimas Corp.*,
No. S-04-0889, 2005 WL 2397041 (E.D. Cal. Sept. 27, 2005) .................................................................. 10

*Johnson v. Manhattan Ry. Co.*,
289 U.S. 479 (1933) .................................................................. 7

*Official Comm. of Unsecured Creditors v. Fleet Retail Fin. Group
(In re Hechinger Inv. Co. of Del., Inc.)*,
303 B.R. 18 (D. Del. 2003) .................................................................. 3

*Pirelli Cable Corp. v. Ciena Corp.*,
  988 F. Supp. 424 (D. Del. 1998) ................................................................................. 3

*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) ...................................................................... 10

*Teradyne, Inc. v. Hewlett-Packard Co.*,
  No. C-91-0344 MHP, 1993 U.S. Dist. LEXIS 14601 (N.D.Cal. Jan. 7, 1993) ............... 5

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
  766 F. Supp. 212 (D. Del. 1991) ................................................................................. 5

*Xerox Corp. v. 3Com Corp.*,
  69 F. Supp. 2d 404 (W.D.N.Y. 1999) .................................................................... 5, 10

**RULES**

Fed. R. Civ. P. 7(b)(1) ........................................................................................................ 4

Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments (collectively, "AB/Sciex") respectfully submit this brief in support of their motion pursuant to Local Rule 7.1.5 seeking reargument of the Court's recent Order to stay Civil Action No. 04-1230-GMS. D.I. 65 (the "Order").[1]

## NATURE AND STAGE OF THE PROCEEDINGS

On September 7, 2004, AB/Sciex filed Civil Action No. 04-1230-GMS (the "04-1230 action") against Thermo Electron Corporation ("Thermo Electron") alleging infringement of AB/Sciex's U.S. Patent No. 4,963,736 (the "'736 patent"). On February 23, 2005, Thermo Finnigan LLC (together with Thermo Electron, "Thermo"), a subsidiary of Thermo Electron, filed Civil Action No. 05-110-GMS (the "05-110 action") against AB/Sciex alleging infringement of Thermo's U.S. Patent No. 6,528,784 (the "'784 patent"). On April 27, 2005, the Court consolidated the 04-1230 action with the 05-110 action in order "to streamline the discovery process and prevent duplicative litigation." Order at 1-2.

On November 4, 2005, the Patent and Trademark Office (the "PTO") granted AB/Sciex's request to reexamine the '784 patent in suit in the 05-110 action in light of prior art that was not considered during the original prosecution. Shortly thereafter, on November 18, 2005, AB/Sciex filed a motion to stay the 05-110 action pending the outcome of the reexamination. In response to AB/Sciex's motion, Thermo did not move for or even request a stay of the 04-1230 action. Instead, Thermo merely opposed AB/Sciex's motion for a stay of the 05-110 action. In doing so, Thermo asserted that if

---

[1] AB/Sciex adopts the Court's convention of citing to case documents using the D.I. numbers from the 05-110 action for convenience and because AB/Sciex's motion requested a stay of the 05-110 action. *See* Order at 2 n.1.

AB/Sciex was sincere in its assertion that Thermo would not be unduly prejudiced by a stay of the 05-110 action, then AB/Sciex "would offer to stay its claim on the '736 patent until the reexamination of the '784 patent is over." D.I. 56, Thermo Ans. Br. at 12.

Even though Thermo never moved for or even requested a stay of the 04-1230 action, and even though neither party was provided with a fair opportunity to address whether a stay of the 04-1230 action was appropriate, the Court unexpectedly appears to have treated Thermo's argument regarding AB/Sciex's alleged lack of sincerity as a request that the Court also stay the 04-1230 action in addition to the 05-110 action pending the reexamination of the '784 patent.[2] Order at 3-4.

## SUMMARY OF ARGUMENT

Reargument is warranted because the Court's decision to stay the 04-1230 action was outside the scope of the issues presented by AB/Sciex's motion to stay the 05-110 action. Thermo did not move for or even request a stay of the 04-1230 action in response to AB/Sciex's motion to stay the 05-110 action. Accordingly, AB/Sciex was not provided with a fair opportunity to address why a stay of the 04-1230 action is inappropriate.

The stay of the 04-1230 action pending the reexamination of the '784 patent is inappropriate because the reexamination is completely unrelated to the 04-1230 action.

---

[2] Thermo filed another action, Civil Action No. 04-1505-GMS (the "04-1505 action"), in this Court for patent infringement against Applera on December 8, 2004, prior to Thermo's 05-110 action but after AB/Sciex's 04-1230 action. In that action, Thermo asserts a patent that it decided to let expire in 2003 (by not paying a maintenance fee) against Applera devices that were introduced more than six years before Thermo filed suit. The 04-1505 action has all the earmarks of a mere tactical response to AB/Sciex's 04-1230 action. The 04-1505 action was not consolidated with the other two actions and has not been stayed. Thus, in the larger context of the entire dispute between the parties, the Court's decision to stay the 04-1230 action has given Thermo an unfair tactical advantage.

The stay of the 04-1230 action will unduly prejudice AB/Sciex by delaying that action for no reason other than that the action was consolidated with the 05-110 action at a time prior to the PTO's decision to reexamine the '784 patent. Moreover, a stay will not simplify any issues in the 04-1230 case because the outcome of the reexamination of the '784 patent will have no bearing whatsoever on any of the issues in the 04-1230 action. The 04-1230 action is ready to go forward and should not be delayed simply because the PTO's decision to reexamine the '784 patent has undermined the basis for the 05-110 action.

## ARGUMENT

### I. Reargument Is Warranted Because the Court's Decision to Stay the 04-1230 Action Was Outside the Scope of the Issues Presented by AB/Sciex's Motion to Stay the 05-110 Action

Reargument is warranted where the Court renders a decision that is "outside the adversarial issues presented to the Court by the parties." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990); *see also Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Fleet Retail Fin. Group (In re Hechinger Inv. Co. of Del., Inc.)*, 303 B.R. 18, 23 (D. Del. 2003); *Pirelli Cable Corp. v. Ciena Corp.*, 988 F. Supp. 424, 446 (D. Del. 1998).

The standard for reargument is met here. The issue of whether to stay the 04-1230 action pending the reexamination of the '784 patent was outside the scope of the issues presented by AB/Sciex's motion to stay the 05-110 action. Thermo never moved for or even requested a stay of the 04-1230 action. It simply argued that the 05-110 action should not be stayed. In doing so, Thermo asserted that if AB/Sciex was sincere that a stay of the 05-110 action would not unduly prejudice Thermo, AB/Sciex "would offer to stay its claim on the '736 patent until the reexamination of the '784 patent is

3

over." D.I. 56, Thermo Ans. Br. at 12. This was not a request by Thermo to stay the 04-1230 action and AB/Sciex reasonably did not expect that the Court would treat it as such a request. Indeed, Thermo did not make any attempt to explain why a stay of the 04-1230 action was appropriate under the factors that govern the exercise of the Court's discretion.

Thermo's throwaway assertion about AB/Sciex's alleged lack of sincerity did not provide AB/Sciex with sufficient notice that whether to grant a stay of the 04-1230 action was at issue. Had Thermo intended to seek a stay of the 04-1230 action, it should have moved for that relief in accordance with the Federal Rules of Civil Procedure to provide AB/Sciex with notice and a fair opportunity to respond and explain to the Court why such a stay is inappropriate. *See* Fed. R. Civ. P. 7(b)(1) ("An application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."); *Honeywell Int'l Inc. v. Audiovox Communications Corp.*, Nos. 04-1337-KAJ, 04-1338-KAJ, 04-1536-KAJ, 2005 U.S. Dist. LEXIS 22933, at *4 (D. Del. May 18, 2005) (attached as Ex. A) (noting that a party's request for an order in a letter to the Court should have been made in a motion because that is "the custom and expectation" of this Court under Fed. R. Civ. P. 7(b)(1)).

## II.   The Factors that Govern Whether to Stay the 04-1230 Action Overwhelmingly Weigh Against a Stay

As the Court recognized in its Order, the exercise of its discretion regarding whether or not to stay an action must be guided by the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3)

whether discovery is complete and whether a trial date has been set. *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 598 (D. Del. 2004) (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)); *cf. United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991); Order at 3-4.

Although the Court's decision to stay both cases was discretionary, AB/Sciex respectfully submits that the Court erroneously failed to separately consider how the factors that govern the exercise of that discretion apply to the 04-1230 action involving the '736 patent as distinct from the 05-110 action involving the '784 patent that is being reexamined. *See, e.g., United Sweetener*, 766 F. Supp. at 213 (addressing motion to stay regarding counts in complaint for a patent-in-suit that was being reexamined and deciding only to stay proceedings on that patent); *Teradyne, Inc. v. Hewlett-Packard Co.*, No. C-91-0344 MHP, 1993 U.S. Dist. LEXIS 14601, at *22-*29 (N.D.Cal. Jan. 7, 1993) (attached as Ex. B) (staying patent action only as to the two patents-in-suit being reexamined but not as to the additional patent-in-suit not being reexamined). As explained below, when the factors that govern the exercise of the Court's discretion regarding a stay are separately considered with respect to the 04-1230 action, they overwhelmingly weigh against a stay of that action.

  A. **A Stay of the 04-1230 Action Will Unduly Prejudice AB/Sciex By Delaying its Claim for Infringement of the '736 Patent for No Reason**

First, a stay of the 04-1230 action is inappropriate because a stay will unduly prejudice AB/Sciex by delaying its action against Thermo for infringement of the '736 patent for no reason. The 04-1230 action has been stayed not because of any defect with that action but instead because of a defect with Thermo's 05-110 action. AB/Sciex is entitled to have its 04-1230 action proceed now without regard to Thermo's problems in

5

the PTO with its patent. There simply is no reason to delay the 04-1230 action while the reexamination of the '784 patent takes place. The '784 patent has nothing whatsoever to do with the 04-1230 action and the outcome of the reexamination will have absolutely no impact on that action. AB/Sciex's case against Thermo on the '736 patent is ready to go forward and there is no reason to delay.

The Court's decision to stay the 04-1230 action pending the reexamination of an unrelated patent in suit in a different action appears to be unprecedented. AB/Sciex has not been able to find a single decision in which a court stayed a patent infringement action pending the reexamination of an unrelated patent-in-suit in a different patent action. This is not surprising, since there simply is no reason to stay litigation with respect to one patent pending the reexamination of a different patent unless there is some countervailing benefit to be gained by awaiting the outcome of the reexamination. Absent such a benefit, the prejudice to the plaintiff resulting from the delay caused by the stay is unnecessary and undue.

For example, in *Agar Corp. Inc. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126 (S.D. Tex. 1997), the Court declined to stay the litigation where only one of several patents-in-suit was being reexamined, because the Court "ha[d] a definite concern about the delay that may result from a stay" given that the reexamination "likely w[ould] not produce results that would affect the remaining patent infringement claims." *Id.* at 1127-28. In coming to this conclusion, the Court noted "[i]f a stay would more likely than not delay the district court proceedings without any countervailing benefit, the court should proceed with the merits of the case without the benefit of the Patent Office reexamination." *Id.* (citation omitted).

6

In this case a stay would be even more unduly prejudicial to AB/Sciex than to the plaintiff in *Agar*. There is no "countervailing benefit" that can possibly be obtained by staying the case pending the reexamination of the '784 patent because the outcome of the reexamination will have no effect whatsoever on the 04-1230 action. *Id.* at 1127-28; *see also Argos*, 304 F. Supp. 2d at 598 (denying motion to stay litigation pending PTO proceeding because that proceeding was "unrelated" to the remaining claims in the litigation and because a stay "would present a distinct disadvantage" to the non-moving party and "merely delay [that party]'s right to adjudicate its case"); *see also Gladish v. Tyco Toys, Inc.*, No. S-92-1666, 1993 WL 625509, at *2 (E.D. Cal. Sept. 15, 1993) (attached as Ex. C) (finding that the non-moving party had shown it would suffer prejudice if the stay were granted since witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceeding takes place).

The fact that the 04-1230 action and the 05-110 actions are consolidated is not a reason to stay the 04-1230 case along with the 05-110 case. Although it was appropriate to consolidate the 04-1230 action and the 05-110 action back in April 2005, circumstances have changed in view of the PTO's decision in November 2005 to reexamine the '784 patent and the resulting stay of the 05-110 action. Given those changed circumstances, the 04-1230 action should proceed while the 05-110 action is stayed. The consolidation of the two actions "does not merge the suits into a single cause, or change the rights of the parties . . . ." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 497 (1933). Indeed, although consolidated cases may be heard together, "they are not necessarily merged forever and for all purposes." *Bradgate Assocs. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 750-51 (3d Cir. 1993) (finding that the district court's

treatment of the consolidated cases as a single suit diminished a party's rights by prolonging litigation over claims which should have been dismissed); *see also In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999).

### B. A Stay Will Not Simplify Any Issues in the 04-1230 Action Because the Outcome of the Reexamination of the '784 Patent Will Have No Bearing on the '736 Patent and the 04-1230 Action

Second, a stay of the 04-1230 action is inappropriate because a stay will not simplify any issues in the 04-1230 case. As noted above, the outcome of the reexamination of the '784 patent will have no bearing whatsoever on the 04-1230 action for the simple but fundamental reason that the '784 patent is not in suit or at issue in the 04-1230 action. Accordingly, none of the typical advantages that can arise from a stay pending reexamination[3] can arise here—absolutely nothing that either Thermo or the PTO says about the '784 patent or the prior art to the '784 patent during the reexamination will be even remotely relevant to the 04-1230 action on the '736 patent. There simply is no reason to stay the 04-1230 action pending the reexamination of the '784 patent.

Once again, the *Agar* case is instructive. As discussed above, in that case the Court declined to stay the litigation where only one of several patents-in-suit was being

---

[3] *See, e.g., Gioello Enters. Ltd. v. Mattel, Inc.*, No. 99-375-GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001) (attached as Ex. D) ("Numerous courts have cited a number of advantages of granting a stay pending PTO reexamination: (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.").

reexamined, because the reexamination "likely w[ould] not produce results that would affect the remaining patent infringement claims." *Agar*, 983 F. Supp. at 1127-28. Therefore, there was no "countervailing benefit" that would arise from staying the case that warranted waiting for the outcome of the reexamination. *Id.* (citation omitted).

As explained above, this conclusion is even more compelling in this case. There is no "countervailing benefit" that can possibly arise by staying the 04-1230 action pending the reexamination of the '784 patent because the outcome of the reexamination will have no effect on the 04-1230 action. *Id.* at 1127-28; *see also Imax Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005) (denying stay because reexamination would not resolve other claims in action, "some of which are completely unrelated to patent infringement."); *Argos*, 304 F. Supp. 2d at 598 (denying stay because suit would not be affected by the outcome of "unrelated" PTO proceeding); *Cognex Corp. v. Nat'l Instruments Corp.*, No. 00-442-JJF, 2001 WL 34368283, at *2 (D. Del. June 29, 2001) (attached as Ex. E) (denying stay because reexamination would not resolve other claims in action that were unrelated to patent infringement).

The stay of the 04-1230 action pending the reexamination of the '784 patent will not simplify any of the issues in that action. As a result, the stay ultimately will not conserve any of the Court's or parties' resources because "[a]fter the reexamination, the parties [will] be right back in this court" to litigate the same case with the same issues that they would be litigating today in the absence of the stay. *Gladish*, 1993 WL 625509, at *2. There simply is no reason to stay the case pending the reexamination.

### C. The 04-1230 Action Is Ready to Proceed Without Regard to the Reexamination of the '784 Patent

Third, unlike the '784 patent, discovery on the '736 patent can and should be completed without any need to await the outcome of the reexamination of the '784 patent. The intrinsic record for the '736 patent is complete. Accordingly, none of the time and effort that will be expended by the parties and the Court by proceeding with the 04-1230 action now—*e.g.*, claim construction, fact and expert discovery, summary judgment motions, trial, etc.—will be wasted if the 04-1230 action proceeds while the 05-110 action is stayed pending the reexamination. The disputed '736 patent claim terms are ready to be construed. Expert discovery on the validity and infringement of the '736 patent can proceed. In short, the 04-1230 action is ready to go forward now and there simply is no reason to delay. *See Xerox*, 69 F. Supp. 2d at 408 (finding that the benefits to be gained by waiting for the PTO's determination were far outweighed by the prejudice to the plaintiff which would be caused by the delay in light of the substantial time and expense already invested in discovery and trial preparation); *Agar*, 983 F. Supp. at 1128 (denying stay and noting that although the discovery stage had not yet been completed, it was well underway); *Jain v. Trimas Corp.*, No. S-04-0889, 2005 WL 2397041, at *2-*3 (E.D. Cal. Sept. 27, 2005) (attached as Ex. F) (finding that the scales tip heavily in favor of denying a stay because the case is no longer in its incipient stages after eight months of discovery); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 663 (E.D. Tex. 2005) (finding that the third factor weighed heavily in favor of denying the stay because the Court had entered its scheduling order and set a date for trial, the parties had conducted extensive discovery, and the parties had fully briefed and argued the claim construction issues).

D.  **Thermo Will Not Suffer Any Hardship or Inequity If the 04-1230 Action Proceeds**

Finally, a stay of the 04-1230 action is inappropriate for the additional reason that Thermo will not suffer any hardship or inequity if the case proceeds. "Where a stay would forestall the trial date agreed upon by the parties," the Court should not enter a stay unless the party requesting the stay has made "a showing of 'a clear case of hardship or inequity.'" *Cognex*, 2001 WL 34368283, at *1 (citing *Gold v. Johns-Mansville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)). Although it is impossible to predict with certainty when the reexamination of the '784 patent will conclude and the stay of the 04-1230 action will be lifted, this likely may not happen until after the agreed upon scheduled trial date of December 4, 2006. *See* PTO *Ex Parte* Reexamination Filing Data – September 30, 2005 (attached as Ex. G) at 2 ¶ 7 (stating that the average pendency of a reexamination procedure is 21.9 months and the median pendency is 17.2 months). A stay is inappropriate because Thermo cannot even begin to make the necessary showing that it would suffer any hardship or inequity in going forward with the 04-1230 action now. The Court should restore the *status quo* by vacating the stay of the 04-1230 action.

## CONCLUSION

For the foregoing reasons, AB/Sciex respectfully urges the Court to grant reargument and to vacate the stay of the 04-1230 action but not vacate the stay of the 05-110 action.

Respectfully submitted,

Dated: January 12, 2006

*[signature]*

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Of Counsel:

Walter E. Hanley, Jr.
James Galbraith
Lewis V. Popovski
Jeffrey S. Ginsberg
Mark A. Chapman
Huiya Wu
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

*Attorneys for Applera Corp., MDS, Inc., and Applied Biosystems/MDS Sciex Instruments*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire hereby certify that on January 12, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Frederick L. Cottrell, III, Esquire
> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER
> One Rodney Square
> Wilmington, Delaware 19801

I further certify that on January 12, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

> Wayne L. Stoner, Esquire
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109
> wayne.stoner@wilmerhale.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Plaintiffs Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments

DB01:1592466.1