IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>THERMO ELECTRON CORPORATION,<br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No.: 04-1230 GMS<br>)<br>)<br>)<br>)<br>) |
| THERMO FINNIGAN LLC,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　　Civil Action No.: 05-110 GMS<br>)<br>)<br>)<br>)<br>)<br>) |

## THERMO'S ANSWERING BRIEF IN RESPONSE TO
## AB/SCIEX'S MOTION FOR REARGUMENT

OF COUNSEL:

William F. Lee
Wayne L. Stoner
Richard Goldenberg
Stephen M. Muller
John M. Golden
Michael R. Dube
Lauren B. Fletcher
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: January 27, 2006

Frederick L. Cottrell, III  (#2555)
(Cottrell@RLF.com)
Kelly E. Farnan (#4395)
(Farnan@RLF.com)
Richards, Layton & Finger
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

Attorneys for Thermo Finnigan, LLC and
Thermo Electron Corporation

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDING ................................................................1

SUMMARY OF THE ARGUMENT ..............................................................................1

STATEMENT OF FACTS ............................................................................................2

ARGUMENT ...............................................................................................................3

    I.    The Stay of Civil Action 04-1230 Was Not "Outside the Adversarial
          Issues Raised by the Parties" ..............................................................3

    II.   AB/Sciex's Motion is Founded on Two Erroneous Premises Concerning
          the Court's Discretion ..........................................................................7

    III.  The Court Was Not Obligated to Conduct a Separate Stay Analysis for
          One-Half of This Consolidated Action ..................................................8

    IV.  AB/Sciex Cannot Claim "Undue Prejudice" from the Court's Order When
          It Waited Years After Suspecting Infringement to File Suit ....................11

    V.   The Court's Order Does Not Impact AB/Sciex's "Substantial Rights" and,
          thus, Staying this Consolidated Case Is Proper ...................................12

CONCLUSION ...........................................................................................................14

i

# TABLE OF AUTHORITIES

<u>Federal Cases</u>

*Agar Corp., Inc. v. Multi-Fluid, Inc.,*
  983 F.Supp. 1126 (S.D. Tex. 1997) ................................................................. 10

*Argos v. Orthotec LLC,*
  304 F.Supp.2d 591 (D. Del. Jan. 8, 2004) ......................................................... 11

*Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.,*
  999 F.2d 745 (3d Cir. 1993) ............................................................................... 13

*Brambles USA, Inc. v. Blocker,*
  735 F.Supp. 1239 (D. Del. 1990) ..................................................................... 5, 6

*Cognex Corp. v. Nat'l Instruments Corp.,*
  No. Civ. A. 00-442JJF, 2001 WL 34368283 (D. Del. June 29, 2001) ............... 11

*Honeywell Int'l Inc. v. Audiovox Communications Corp., C.A. Nos.*
  04-1337-KAJ, 04-1338-KAJ, 04-1536-KAJ, 2005 U.S. Dist Lexis 22933 (D. Del. May 18,
  2005) ................................................................................................................... 7

*Imax Corp. v. In-Three, Inc.,*
  385 F.Supp.2d 1030 (C.D. Cal. 2005) ............................................................... 10

*In re Homestore.com, Inc. Secs. Litig.,*
  347 F.Supp.2d 814 (C.D. Calif. 2004) ................................................................ 7

*In re TMI Litig.,*
  193 F.3d 613 (3d Cir. 1999) ............................................................................... 13

*Landis v. N. Am. Co.,*
  299 U.S. 248 (1936) ........................................................................................ 7, 8

*Maloney v. Gordon,*
  328 F.Supp.2d 508 (D. Del. 2004) ...................................................................... 7

*Marvel v. Snyder, Civ. A.*
  99-442 (GMS), 2003 WL 21640375 (D. Del. July 8, 2003) ......................... 3, 4, 5

*Pirelli Cable Corp. v. Ciena Corp.,*
  988 F.Supp. 424 (D. Del. 1997) .......................................................................... 3

RLF1-2974985-1

*Stafford v. Noramco of Delaware, Inc., Civ. A.*
  97-376 (GMS), 2001 WL 65738 (D. Del. Jan. 10, 2001) ........................................................... 3

*State of New Jersey Dep't of Envtl. Protection v. Gloucester Envtl. Mgt. Services, Inc.*,
  138 F.R.D. 421 (D.N.J. 1991) ........................................................................................ 8

*Teradyne, Inc. v. Hewlett-Packard Co.*,
  No. C-91-0344 MHP, 1993 U.S. Dist. Lexis 14601 (N.D. Cal. 1993) ...................................... 9

*TI Group Auto. Sys, Inc. v. VDO N. Am. L.L.C., Civ. A.*
  00-432 (GMS), 2002 WL 87472 (D. Del. Jan. 22, 2002) ...................................................... 3, 6

*Titus v. Mercedes Benz of N. Am.*,
  695 F.2d 746, 751 (3d Cir. 1982) ................................................................................... 8

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
  766 F.Supp. 212 (D. Del. 1991) ..................................................................................... 9

iii

## NATURE AND STAGE OF THE PROCEEDING

Thermo Electron Corporation and Thermo Finnigan LLC (together "Thermo") submit this Answering Brief in opposition to the recent motion by Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments (together "AB/Sciex") seeking reargument of this Court's decision to stay the entirety of this consolidated action, as opposed to just the claims on Thermo's patent. AB/Sciex moved for a stay of merely the claims on Thermo's patent, and the Court decided to stay the entire consolidated action pending reexamination of Thermo's patent by the United States Patent & Trademark Office ("PTO").

## SUMMARY OF THE ARGUMENT

AB/Sciex's Motion for Reargument of the Court's Decision to Stay Civil Action No. 04-1230-GMS ("Motion") should be denied because it does not satisfy the well-established standard for reargument. The underlying motion papers already addressed the issue that AB/Sciex seeks to raise on reargument. Specifically, Thermo's Answering Brief discussed staying the claims related to AB/Sciex's patent and AB/Sciex responded to that suggestion in its Reply Brief. Accordingly, the stay of AB/Sciex's claims is not outside the adversarial issues previously raised by the parties.

The Order staying the claims on AB/Sciex's patent was well within the Court's broad discretion concerning case management. AB/Sciex's Motion makes only fleeting and dismissive reference to this discretion and rests on two flawed premises. The first premise is that the Court is somehow bound by what one or more parties request and cannot fashion its own rulings. And the second is that, in issuing a case management order, the Court is constrained to consider only the interests of the parties and not its own concerns for judicial economy and efficiency. As a matter of law, neither suggestion is true.

AB/Sciex's Motion also fails because it depends on the erroneous notion that this Court was obligated separately to apply the guidelines for whether to stay an action to one-half of this consolidated case. AB/Sciex offers no authority for this proposition and its application of the stay standards to Civil Action 04-1230 without regard to the fact that it is part of a consolidated action is meaningless and inconsistent with the Court's consolidation decision.

Finally, AB/Sciex's claim of prejudice from the delay as a result of a stay is belied by AB/Sciex's own actions. AB/Sciex voluntarily waited <u>two and a half years</u> to file suit from the time it first suspected Thermo of (alleged) infringement. Therefore, AB/Sciex can hardly claim prejudice from an additional modest delay. Nor did the Court's procedural decision to stay this consolidated action diminish AB/Sciex's substantive rights in any respect.

## STATEMENT OF FACTS

On April 27, 2005, with the support of the parties, the Court consolidated Civil Action Nos. 04-1230 and 05-110 with the expectation that the Court would conduct a single trial of these infringement actions. (Tr. of 4/27/05 Conference at 17, 29) (attached hereto as Ex. A). On September 16, 2005, AB/Sciex filed with the PTO a request for reexamination of the patent-in-suit in Civil Action No. 05-110. (Thermo's Answering Br. in Opp. to AB/Sciex's Motion to Stay, Ex. C, D.I. 56)[1]. On November 4, 2005, the PTO granted AB/Sciex's request for reexamination. (*Id.*, Ex. D). On November 18, 2005, AB/Sciex filed a motion to stay Civil Action No. 05-110. (D.I. 42). On December 15, 2005, Thermo opposed that motion and suggested that if AB/Sciex wanted Civil Action 05-110 stayed it should also offer to stay Civil Action 04-1230, given the Court's prior consolidation of the two actions. (D.I. 56, at 12). On

---

[1]    Record citations are to Civil Action No. 05-110.

2

December 22, 2005, AB/Sciex filed a reply and opposed Thermo's suggestion that Civil Action 04-1230 be stayed. (D.I. 64, at 16-17).

On December 28, 2005, the Court ordered the entirety of the consolidated action stayed pending the outcome of the reexamination. (D.I. 65). The Court concluded that "staying both cases best serves the interests of justice, and is the most efficient approach to the consolidated schedule that the court has envisioned for the litigation" and noted that such a decision is "firmly within [its] discretion." (*Id.* at 3). The Court instructed the parties to notify the Court when the PTO issues its reexamination decision. (*Id.* at 5). On January 12, 2006, AB/Sciex filed its Motion. (D.I. 66).

## ARGUMENT

### I.    The Stay of Civil Action 04-1230 Was Not "Outside the Adversarial Issues Raised by the Parties".

As this Court has noted on several occasions, reargument may be granted if the court, in its discretion, determines that the court "patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error of apprehension." *Marvel v. Snyder*, Civ. A. 99-442 (GMS), 2003 WL 21640375, at *2 (D. Del. July 8, 2003); *TI Group Auto. Sys, Inc. v. VDO N. Am. L.L.C.*, Civ. A. 00-432 (GMS), 2002 WL 87472, at *1 (D. Del. Jan. 22, 2002) (same); *Stafford v. Noramco of Delaware, Inc.*, Civ. A. 97-376 (GMS), 2001 WL 65738 (D. Del. Jan. 10, 2001) (same). The Court has also stated that, "there is no need to grant [such a motion] if it would not alter the court's initial decision." *Marvel*, 2003 WL 21640375 at *2; *TI Group*, 2002 WL 87472, at *1; *Stafford*, 2001 WL 65738, at *1; *see also Pirelli Cable Corp. v. Ciena Corp.*, 988 F.Supp. 424, 445 (D. Del. 1997) (same). As a general

3

matter, "[m]otions for reargument should be granted only 'sparingly.'" *Marvel*, 2003 WL
21640375, at *2 (quoting *Karr v. Castle*, 768 F.Supp. 1087, 1090 (D. Del. 1991)).

Although AB/Sciex claims in its brief not to have "reasonably . . . expect[ed]" the Court
to stay Civil Action 04-1230 (D.I., 67, at 4) ("Br."), the possibility that the Court would do so
was hardly "outside the adversarial issues presented by the parties" as AB/Sciex now contends.
(Br. at 2-4). Nor did the Court's decision deprive AB/Sciex of "a fair opportunity to address why
a stay of the 04-1230 action is inappropriate." (Br. at 2). Even leaving aside the fact that
AB/Sciex moved to stay a case that had already been consolidated with another case and given
an identical procedural schedule, Thermo expressly discussed staying this entire consolidated
action in its Answering Brief in opposition to AB/Sciex's motion to stay Civil Action 05-110:

> If AB/Sciex were sincere in its assertion that a stay is not
> prejudicial to the patentholder, it would offer to stay its claim on
> the '736 patent until the reexamination of the '784 patent is over,
> so that the parties and the Court can continue to benefit from the
> efficiencies of consolidation. It has not done so, of course, because
> it wants to proceed on its own claim while stopping Thermo's
> claim against it. *Cf. Imax Corp. v. In-Three, Inc.*, 385 F.Supp.2d
> 1030, 1033 n.2 (C.D. Cal. 2005) (denying stay and declining
> "generous offer" by defendant to permit the court to stay only
> plaintiff's infringement claim and to let defendant's counterclaims
> go forward).

(Answering Br., D.I. 56 at 12).

Far from treating Thermo's discussion of staying both parties' claims as a "throwaway
assertion" as it now suggests (Br. at 4), AB/Sciex concluded its Reply Brief (D.I. 64) with an
appeal to the Court not to take the course of action that Thermo's argument suggested:

> Finally, Thermo's suggestion that AB/Sciex voluntarily stay the
> 04-1230 action and wait for the '784 patent to remerge [sic] from
> the PTO proceedings ignores the significant differences between
> the two cases. The '736 patent has already been found valid after
> reexamination by the PTO and a *district court litigation*, and is not

4

> presently being reexamined by the PTO. The 04-1230 action is an independent, separate, and distinct patent infringement suit brought by AB/Sciex against Thermo for its infringement of the '736 patent. The issues raised by the ongoing proceedings at the PTO concerning the '784 patent do not impact the 04-1230 action, let alone raise the issue of unfair prejudice.

(Reply Br., D.I. 64 at 16-17).

The issue was thus raised and addressed by the parties in the underlying motion briefing (as the Court recognized in its Order [D.I. 65, at 3]). AB/Sciex's Motion is nothing more than an improper attempt to "rehash," albeit at greater length, the arguments it made before. *See Marvel*, 2003 WL 21640375, at * 2 ("Finally, motions for reconsideration 'should not be used to rehash arguments already briefed.'") (quoting *TI Group*, 2002 WL 87472, at *1); *see also Brambles USA, Inc. v Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990) ("Reargument should not be granted where it would merely 'allow wasteful repetition of arguments already briefed, considered and decided.'") (quoting *Weissman v Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y. 1989)). AB/Sciex's Motion reiterates the same arguments that AB/Sciex made before: that reexamination of the patent-in-suit in Civil Action No. 05-110, United States Patent No. 6,528,784 ("the '784 patent"), will have no impact on Civil Action 04-1230 (Reply Br. at 16-17; Br. at 6, 7, 8, 9), and that the patent-in-suit in Civil Action 04-1230, United States Patent No. 4,963,736 ("the '736 patent"), is allegedly "independent" (D.I. 64 at 17), "unrelated" (Br. at 2), and "different" (Br. at 6).

Moreover, there is no reason to believe the Court would have issued a different decision had the question of staying Civil Action 04-1230 been argued at greater length in the prior briefing. This alone is grounds for denying AB/Sciex's motion under this Court's reargument jurisprudence. *See Marvel*, 2003 WL 21640375, at *2 ("Even if this court has committed one of

5

these errors [warranting reargument], there is no need to grant a motion for reconsideration if it would not alter the court's initial decision."); *Brambles*, 735 F.Supp. at 1240 ("In no event should reargument be granted where the matters advanced for reargument would not 'reasonably have altered the result [previously] reached by the Court . . . .'") (quoting *Crane Co. v. Harsco Corp.*, 511 F.Supp. 294, 307 (D. Del. 1981)).

As demonstrated by the several decisions of this Court concerning stays of infringement actions pending reexamination,[2] this Court is well familiar with all of the issues and arguments that might be raised by motions seeking such stays. As the Court was aware, the consolidated Civil Action Nos. 04-1230 and 05-110 were identically positioned at the time of AB/Sciex's motion to stay. Indeed, AB/Sciex filed that motion on the same day Opening *Markman* briefs were filed for both patents-in-suit. And what the parties argued in their briefs on the stay motion regarding the status of Civil Action No. 05-110 and the work both already completed and remaining was obvious and equally true of Civil Action No. 04-1230. In short, there is no reason for AB/Sciex to suggest that the Court's decision was anything other than knowing and considered. *See TI Group*, 2002 WL 87472, at *2 (denying reargument and noting that this Court had "carefully considered the propriety of its ruling before issuing it. While TI may not be pleased with the conclusion which the court reached, its displeasure is not an appropriate ground for reargument.").

---

[2]    *See* AB/Sciex's opening brief in support of its motion to stay, D.I. 43, at 6 (citing *Alloc, Inc. v. Unilin Décor N.V.*, No. 03-253-GMS, 2003 U.S. Dist. Lexis 11917, at *4 (D. Del. July 11, 2003); *Pegasus Dev. Corp. v. DirecTV, Inc.*, No. 00-1020-GMS, 2003 WL 21105073, at *1 (D. Del. May 14, 2003); *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001)).

6

## II.   AB/Sciex's Motion is Founded on Two Erroneous Premises Concerning the Court's Discretion.

AB/Sciex's Motion is founded on two erroneous premises about the Court's discretion in matters of case management. First, AB/Sciex suggests that the Court is somehow bound by what one or more of the parties request and cannot fashion its own ruling.[3] And, second, AB/Sciex implies that, in issuing a case management order, the Court can consider only the effect of the ruling on the parties, without regard to its own concerns for judicial economy and efficiency.[4] Neither premise is correct.

AB/Sciex offers no authority for its argument that, because Thermo did not formally move the Court to stay Civil Action 04-1230 (Br. at 4), the Court is somehow prohibited from doing so.[5] To the contrary, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also In re Homestore.com, Inc. Secs. Litig.*, 347 F.Supp.2d 814, 817 (C.D. Calif. 2004); *Maloney v. Gordon*, 328 F.Supp.2d 508, 511 (D. Del. 2004).

---

[3]   *See, e.g.*, Br. at 2 ("Thermo did not move or even request a stay of the 04-1230 action...."); *id.* at 3 ("Thermo never moved for or even requested a stay of the 04-1230 action.")

[4]   AB/Sciex contends that a stay of Civil Action 04-1230 is inappropriate because it "will unduly prejudice AB/Sciex" (Br. at 5-7), the reexamination of the '784 patent will have no bearing on the '736 action (Br. at 8-9), Civil Action 04-1230 is "ready to proceed without regard to the reexamination of the '784 patent" (Br. at 10), and Thermo will not suffer any hardship or inequity if the case against it proceeds (Br. at 11). These arguments focus exclusively on AB/Sciex's own interests (and maybe even those of Thermo), but pay scant attention to those of the Court.

[5]   In *Honeywell Int'l Inc. v. Audiovox Communications Corp.*, C.A. Nos. 04-1337-KAJ, 04-1338-KAJ, 04-1536-KAJ, 2005 U.S. Dist Lexis 22933, *4 n.3 (D. Del. May 18, 2005) (cited in Br. at 4), the court noted that a plaintiff had requested by letter — not by motion — that its case be tried first among a number of consolidated cases. Notwithstanding this technical failure, the court agreed to, and did, address the request. *Id.* *Honeywell* says nothing about a court being constrained to grant the relief sought by the moving party, to the exclusion of alternative relief it deems appropriate.

7

AB/Sciex's other arguments that a stay is inappropriate, *see supra* n.4, give short shrift to the Court's interest in managing its own resources and calendar. *See Landis*, 299 U.S. at 254 ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort *for itself*, for counsel, and for litigants.") (emphasis added); *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 751 (3d Cir. 1982) ("We recognize the heavy workload of the district courts and we are mindful that broad discretion should be accorded district courts in the management of their calendars."); *State of New Jersey Dep't of Envtl. Protection v. Gloucester Envtl. Mgt. Services, Inc.*, 138 F.R.D. 421, 429 (D.N.J. 1991) ("The Federal Rules of Civil Procedure give the court wide discretion in matters of case management."). The result of granting AB/Sciex's Motion and splitting this consolidated case would mean two *Markman* hearings, where the Court had previously scheduled one. It would mean two schedules for addressing dispositive motions, where previously the Court was to address dispositive motions in both cases simultaneously if leave to file such motions were granted. And, it would mean two trials where the Court had contemplated and tentatively scheduled only one. AB/Sciex's Motion overlooks these interests entirely.

## III.    The Court Was Not Obligated to Conduct a Separate Stay Analysis for One-half of This Consolidated Action.

A persistent thread throughout AB/Sciex's brief is an attempt to treat the two civil actions which comprise this case as though they were never consolidated. As one example of this, AB/Sciex argues that "the Court erroneously failed to separately consider how the factors that govern the exercise of [its discretion to stay a case pending reexamination] apply to the 04-1230 action involving the '736 patent as distinct from the 05-110 action involving the '784 patent that

8

is being reexamined " (Br. at 5). However, the cases AB/Sciex cites do not even involve consolidated actions and do not stand for the proposition that any such "separate" analysis is required.

In *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F.Supp. 212, 218 (D. Del. 1991) (cited in Br. at 5), the Court stayed the counts of a complaint seeking a declaratory judgment that a patent was invalid because the patent was in reexamination. The question of staying a remaining count related to a second patent not in reexamination evidently was never raised and certainly was not discussed in the Court's decision. Moreover, the stay in *United Sweetener* had no more than academic effect. By the time the Court published its decision to stay, the Board of Patent Appeals had affirmed the PTO's rejection of all of the patent claims and the Court lifted the stay by the same order. *United Sweetener*, 766 F. Supp. at 213 n.1 & 8. The Court in *United Sweetener* knew that the reexamination was at a late stage and, thus, it never had to consider what it would do in a situation where, as here, a stay for the duration of a reexamination necessarily meant part of the case would go on and part would be stalled. *See id.* at 217.

In *Teradyne, Inc. v. Hewlett-Packard Co.*, No. C-91-0344 MHP, 1993 U.S. Dist. Lexis 14601, at *27 (N.D. Cal. 1993) (cited in Br. at 5), the court also stayed the portions of a multi-patent case dealing with two patents in reexamination. As in *United Sweetener*, however, there was no discussion of staying the claims related to patents not in reexamination. Moreover, the court noted that "[t]he court's interest in efficiently managing its docket is served by a stay," *Teradyne*, 1993 U.S. Dist. Lexis 1460, at *22, and cited as one of its reasons for imposing the stay that, as in this consolidated case, the two patents at issue were on the same schedule for discovery and trial, *id.* at * 27.

9

AB/Sciex, thus, cites no authority which in fact stands for the notion that a separate analysis is required of whether to stay each patent-in-suit in a given case. And its application of the factors that guide a court's discretionary decision whether to grant a stay to Civil Action No. 04-1230 without regard to the fact that it has been consolidated with another case is nothing more than a straw man. (*See* Br. at 4-11). This is a consolidated action, it was consolidated for good reasons and with both parties' support, and the Court acted well within its discretion in treating it as one, consolidated action when weighing the merits of a stay.

AB/Sciex's citation to various cases in which courts denied stays, especially when viewed alongside the numerous cases granting stays that AB/Sciex relied upon when it sought a stay of Civil Action No. 05-110 (*see* D.I. 43, at 6-10), does nothing more than confirm that a court's discretion on the matter of a stay is broad.[6] Moreover, the cases AB/Sciex cites now are readily distinguished from the instant case. For example, in *Imax Corp. v. In-Three, Inc.*, 385 F.Supp.2d 1030, 1033 (C.D. Cal. 2005), the court denied a stay pending reexamination because numerous of the defendants' counterclaims were unrelated to patents, and the parties had already by that time submitted so much material to the court on invalidity, as well as "volumes of evidence" related to motions for injunctions, that it was "unlikely much effort by any party or the Court will be saved by allowing the PTO to resolve the invalidity issues." By contrast, this is a straightforward patent case and the parties' *Markman* briefs are the only significant filings to date.

---

[6]     AB/Sciex also relies on cases where stays were denied as to all claims as though they support the relief which AB/Sciex seeks here — namely, stay of only part of the case. *See, e.g.*, *Agar Corp., Inc. v. Multi-Fluid, Inc.*, 983 F.Supp. 1126 (S.D. Tex. 1997) (cited in Br. at 6, 7, 8, 9).

RLF1-2974985-1

Similarly, in *Cognex Corp. v. Nat'l Instruments Corp.*, No. Civ. A. 00-442JJF, 2001 WL 34368283, at *2-3 (D. Del. June 29, 2001), the court declined to grant a stay in large measure because it was not sought until the case was at a "late stage," with only the final three weeks of fact discovery remaining. Here, the parties had conducted no depositions as of the stay and trial was nearly a year away. (*See* D.I. 21).

Finally, in *Argos v. Orthotec LLC*, 304 F.Supp.2d 591, 598 (D. Del. Jan. 8, 2004), this Court refused to stay a cybersquatting claim because the claim could be maintained regardless of the outcome of a pending trademark proceeding before the PTO. Here, AB/Sciex has argued that if the '784 patent is declared invalid by the PTO, Civil Action No. 05-110 "will in all likelihood be dismissed." (D.I. 43, at 3). Moreover, the *Argos* court, although it decided to deny a stay on facts very different from those at hand, affirmed that "the Third Circuit has acknowledged that the decision to stay a case is firmly within the discretion of the court." *Id.* (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)).

## IV.    AB/Sciex Cannot Claim "Undue Prejudice" from the Court's Order When It Waited Years After Suspecting Infringement to File Suit.

AB/Sciex contends that the Court's Order "will unduly prejudice AB/Sciex by delaying its action against Thermo . . . for no reason" and that it is "entitled to have its . . . action proceed now without regard to Thermo's problems in the PTO with its patent." (Br. at 5-6). This argument, however, overlooks AB/Sciex's own, considerable role in the timing of its action against Thermo.

As this Court is aware, ABSciex previously sued a competitor for infringement of the '736 patent. (*Applera Corp. v. Micromass UK Ltd.*, C.A. No. 00-05-RRM). The testimony of AB/Sciex's witnesses in the earlier case, also before this Court, indicates that AB/Sciex

11

suspected Thermo of the acts it alleges constitute infringement at least by early 2002. *See Applera Corp. v Micromass UK Ltd.*, C.A. No. 00-105-RRM, Mar. 6, 2002 Trial Tr. at 555, 575, 580 (testimony of AB/Sciex Vice President of Science that AB/Sciex had recently come to suspect Thermo's Quantum series mass spectrometers of infringing) (attached hereto as Ex. B). However, AB/Sciex did not file suit against Thermo until two and a half years later, on September 3, 2004. (Civil Action No. 04-1230, D.I. 1). In light of such delay, it is unreasonable now for AB/Sciex to insist that the Court sacrifice its own interests in efficiency to accommodate AB/Sciex's schedule.

In addition, while AB/Sciex claims not to have "reasonably . . . expect[ed]" the Court to stay both cases (Br. at 4), the Court's Order is a direct result of AB/Sciex's own effort to stall Thermo's case against it. That AB/Sciex misjudged the potential consequences of seeking to stay only one-half of a consolidated case — in particular, the possibility that the Court would favor efficiency over AB/Sciex's effort to secure a tactical advantage — is not grounds for finding *undue* prejudice.[7]

## V.   The Court's Order Does Not Impact AB/Sciex's "Substantial Rights" and, thus, Staying this Consolidated Case Is Proper.

AB/Sciex argues also that the fact that Civil Action Nos. 04-1230 and 05-110 have been consolidated "is not a reason to stay the 04-1230 case" because "the consolidation of the two actions 'does not merge the suits into a single cause, or change the rights of the parties . . . .'" Br. at 7 (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 497 (1933)). However, AB/Sciex overlooks what the authorities it cites make clear. Treating consolidated cases as one is only

---

[7]     *See* D.I. 64, at 15 ("However, the relevant consideration is not whether Thermo may be prejudiced *at all*, but whether Thermo would be *unduly* prejudiced by the stay."").

improper when it diminishes the "<u>substantive</u> rights" of the parties. *See In re TMI Litig.*, 193 F.3d 613, 725 (3d Cir. 1999) (emphasis added) (cited in Br. at 7); *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 751 (3d Cir. 1993) (emphasis added) (cited in Br. at 7).

Unlike the cases cited by AB/Sciex, no "substantive rights" are diminished by the stay ordered by this Court. For example, the court in *In re TMI* merely found that it would be improper to permit defendants to impose a summary judgment granted in their favor against plaintiffs in a consolidated case who had been given no opportunity to oppose defendants' summary judgment motion. 193 F.3d at 725. In *Bradgate*, the federal court held that the defendant was entitled to dismissal of a case improperly filed against it in that court, for which the court lacked subject matter jurisdiction, and the court refused to permit a remand to state court even though the federal case was consolidated with a state court case that would be properly remanded. 999 F.2d at 750-51. To do otherwise would have "impermissibl[y]" "diminished" defendant's "substantive rights" by "prolonging litigation over claims which should have been dismissed." *Id.* Here, this Court's Order does not grant summary judgment against AB/Sciex without giving it an opportunity to oppose, and it does not force AB/Sciex to litigate a claim against it that should be dismissed. The Order, which is merely procedural, does not affect AB/Sciex's substantive rights at all. Nor does AB/Sciex even attempt to argue that it does.

13

## CONCLUSION

The parties previously briefed the issue of staying all of this consolidated case, and the Court's Order doing so was sound and within its discretion regarding case management. Therefore, AB/Sciex's Motion for Reargument should be denied.

_Kelly E. Farnan_
Frederick L. Cottrell, III (#2555)
Cottrell@RLF.com
Kelly E. Farnan (#4395)
Farnan@RLF.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE 19899
Telephone (302) 651-7700
Attorney for Thermo Finnigan LLC and Thermo Electron Corporation

OF COUNSEL:
William F. Lee
Wayne L. Stoner
Richard Goldenberg
John M. Golden
Stephen M. Muller
Michael R. Dube
Lauren B. Fletcher
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Dated:  January 27, 2006

14

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered, to the following:

> Josy W. Ingersoll
> Adam W. Poff
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19899

I hereby certify that on January 27, 2006, I sent the foregoing document by Federal Express to the following non-registered participants:

> Walter E. Hanley, Jr.
> James Galbraith
> Huiya Wu
> Kenyon & Kenyon
> One Broadway
> New York, NY 10004
>
> William G. James, II
> Fred T. Grasso
> Kenyon & Kenyon
> 1500 K Street N.W., Suite 700
> Washington, DC 20036

*Kelly E. Farnan*

Kelly E. Farnan (#4395)
(Farnan@RLF com)

DATED:    January 27, 2006